IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PAMELA BURKS, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 7:16-cv-00139-O-BP |
| SCRIPPS NP OPERATING LLC, d/b/a WICHITA FALLS TIMES RECORD NEWS, | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss (ECF No. 10), filed January 13, 2017, and Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 23), filed February 17, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 2, 2017. ECF No. 19. A motion to dismiss is an enumerated dispositive motion to which the undersigned may only issue a recommendation to Judge O'Connor. 28 U.S.C. § 636(b)(1)(A). After considering the pleadings and applicable law, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 10) be DENIED without prejudice as MOOT.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court granted Plaintiff's unopposed motion to amend his complaint. Fed. R. Civ. P. 15(a); ECF No. 26. By filing Plaintiff's Amended Complaint (ECF No. 27), Plaintiff superseded her original complaint; therefore, Defendant's Motion to Dismiss should be denied as moot, without prejudice to Defendant's right

to refile.[1] *Thomas v. Duetsche Bank Nat. Trust Co.*, No. 3:12-CV-5014-M BF, 2013 WL 673988, at *1 (N.D. Tex. Jan. 21, 2013), *report and recommendation adopted*, No. 3:12-CV-5014-M BF, 2013 WL 673983 (N.D. Tex. Feb. 25, 2013); *see also Mangum v. United Parcel Servs.*, No. 3:09–CV–0385–D, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009).

Because Plaintiff's amended pleading superseded her original pleading, on which Defendant's Motion to Dismiss was based, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 10) be DENIED without prejudice as MOOT.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

[1] The Court suggests no view on the merits of the Amended Complaint or whether it is subject to dismissal under Rule 12(b)(6).

Signed March 14, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE